**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**RAYMEY VOSS, #213751** **PLAINTIFF**

**V.** **CASE NO. 4:20-CV-219-BD**

**JOHN STALEY, *et al*.** **DEFENDANTS**

# ORDER

## I. Background:

Raymey Voss, a pre-trial detainee at the Lonoke County Detention Facility (Detention Facility), filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Doc. No. 2) He claims that his conditions of confinement were unconstitutional.

On August 5, 2020, Mr. Voss moved for summary judgment on his claims. (Doc. No. 15) Because he did not offer any evidence to support his motion, however, the Court denied the motion. (Doc. No. 16) Now pending is the Defendants' motion for summary judgment. (Doc. No. 19) Mr. Voss has not responded to the motion, and the time for filing a response has passed. (Doc. No. 22)

## II. Discussion:

### A. Standard

A party is entitled to summary judgment if—but only if—the evidence shows that there is no genuine dispute about any fact important to the outcome of the case. See FED. R. CIV. P. 56 and *Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir. 2017).

B. Factual Background

The material facts in this case are undisputed. On May 17, 2019, Mr. Voss was booked into the Detention Facility. (Doc. No. 21-2 at p.1) In February of 2020, Detention Facility staff assigned Mr. Voss to a cell with a padlock because he had “popped” (disabled) the lock on his previous cell and had left his cell without permission. (Doc. No. 21-8 at p.2)

On February 20, 2020, Mr. Voss submitted a grievance complaining about his assignment to a cell with a padlocked door and about overcrowding at the Detention Facility. (Doc. No. 21-3 at p.1) Defendant Gebhardt responded to the grievance, noting that the overcrowding was “not a grievable matter.” (Doc. No. 21-3 at p.1)

On February 24, Mr. Voss appealed Defendant Gebhardt’s decision. In his appeal, Mr. Voss raised his concern that, in an emergency, staff might not be able to find the key to the padlock on his cell. Defendant Gebhardt responded to the appeal, stating that staff had “emergency plans put in affect [sic].”[1] (Doc. No. 21-3 at p.1) Defendants Smith and Gebhardt testified in their affidavits that shift supervisors have the keys to the padlocks in case of an emergency and that inmates receive cleaning supplies daily to clean their

[1] On March 22, 2020, and April 6, 2020, Mr. Voss filed other grievances regarding the unsanitary conditions of his confinement. (Doc. No. 21-3 at pp.5-6) Because he submitted those grievances after he filed this lawsuit, the conditions that he complains of in those grievances are not included the claims he raised in this case.

cells.[2] (Doc. No. 21-8 at p.2; and Doc. No. 21-9 at p.2) Furthermore, when space became available, Mr. Voss was moved to a cell without a padlock. (Doc. No. 21-8 at p.2)

C. Conditions of Confinement – Individual Capacity Claims

Mr. Voss was a pre-trial detainee at the time of the events giving rise to his claims; therefore, his claims must be analyzed under the Due Process Clause of the Fourteenth Amendment rather than as eighth amendment claims. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); and *Stearns v. Inmate Servs. Corp*., 957 F.3d 902, 905 (8th Cir. 2020). In *Bell*, "the Court held that the government may detain defendants pretrial and 'may subject [them] to the restrictions and conditions of [a] detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution.'" *Stearns*, 957 F.3d at 907 (quoting *Bell*, 441 U.S. at 536–37).

A pre-trial detainee can show that his conditions amounted to punishment in either of two ways. He can "show that the conditions were intentionally punitive" or, "if there is no expressly demonstrated intent to punish, the [detainee] could also show that the conditions were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose." *Id*.

Here, Mr. Voss alleges that: he was assigned to a cell with a padlocked door; he was not provided cleaning products to clean his cell; and he was forced to sleep on the floor due to overcrowding. It is undisputed that the Detention Facility policy provides

---

[2] In the grievance that Mr. Voss submitted on April 6, 2020, he complained that he was not provided cleaning supplies. That grievance is discussed below.

that "detainees may be temporarily assigned to a cell without an available bunk, leaving the detainee to sleep on his/her mat on the floor." (Doc. No. 21-1 at p.3)

Based on the undisputed evidence, the Court cannot conclude that Mr. Voss's conditions at the Detention Facility were punitive, either intentionally or unintentionally. Rather, his assignment to a cell with a padlocked door was reasonably related to maintaining inmate safety after Mr. Voss disabled the lock in his previous cell and left the cell without authorization.

Furthermore, even if Defendants were grossly negligent in failing to provide Mr. Voss cleaning supplies on occasion, that conduct would not rise to the level of a constitutional violation. *S.S. v. McMullen*, 225 F.3d 960, 964 (8th Cir. 2000). In the grievance that Mr. Voss submitted on March 8, 2020, he requests that he be provided bleach or disinfectant spray to clean his cell. Defendant Gebhardt responded that he had notified jail staff about the issue. (Doc. No. 21-3 at p.4) In the grievance that Mr. Voss submitted on April 6, 2020, he complains that he was not provided a mop to clean his cell. (Doc. No. 21-3 at p.6) Defendant Smith responded to Mr. Voss's appeal of that grievance by stating: "[Y]ou should start getting daily clean up and I will be checking to make sure it is being done." (Doc. No. 21-3 at p.6) Again, these grievances were submitted after Mr. Voss filed this lawsuit. The Defendants' responses to the grievances show, however, that Mr. Voss's conditions were not intentionally punitive.

In addition, at the time that Mr. Voss filed his complaint in this case, he had been forced to sleep on the floor (presumably with a mat) for 19 days. Although it is unclear how many days Mr. Voss was ultimately forced to sleep on the floor, the Eighth Circuit

has held that there is no absolute right to be placed in a cell with bedding. *Williams v. Delo*, 49 F.3d 442, 446 (8th Cir.1995) (citing *Johnson v. Boreari*, 946 F.2d 67, 71 (8th Cir. 1991)). Furthermore, Mr. Voss has failed to come forward with any evidence to show that this circumstance amounted to punishment.

Finally, Mr. Voss does not allege, nor has he presented any evidence, that Defendant Staley was personally involved in the alleged unconstitutional conditions at the Detention Facility. See *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights") (internal quotation marks and citation omitted). Therefore, Defendants are entitled to judgment as a matter of law on Mr. Voss's claims against them in their individual capacities.[3]

D. Official Capacity Claims

Mr. Voss has failed to state claims against the Defendants in their official capacities. The official-capacity claims here are, in effect, claims against Lonoke County. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010). Local governments such as Lonoke County can be held liable only where an employee violates a prisoner's rights while carrying out a county policy or custom. *Monell v. New York Dep't of Soc. Servs*., 436 U.S. 658, 694 (1978); *Jenkins v. County of Hennepin, Minn*., 557 F.3d 628, 632 (8th Cir.

---

[3] Because the Court finds that Mr. Voss' claim fail, the Court will not address the Defendants' qualified immunity argument in this Order.

2009). Defendants did not violate Mr. Voss's rights; and even if Mr. Voss had stated a claim for a constitutional violation, he has not alleged injury from any Lonoke County policy or custom. Accordingly, Defendants are entitled to judgment as a matter of law on Mr. Voss's claims against them in their official capacity.

## III. **Conclusion**:

The Defendants' motion for summary judgment (Doc. No. 19) is GRANTED. Mr. Voss's claims are DISMISSED, with prejudice. The Clerk is instructed to close this case.

IT IS SO ORDERED, this 30th day of September, 2020.

UNITED STATES MAGISTRATE JUDGE